

## ORDER

PER CURIAM.

**AND NOW,** this 27th day of August, 2013, the Petition for Allowance of Appeal is **GRANTED.** The issue, as stated by petitioner, is:

Whether offenses which are not *specifically* enumerated by the General Assembly as offenses which disqualify defendants from eligibility under [the Recidivism Risk Reduction Incentive Act ("RRRI Act"), 61 Pa.C.S.A. §§ 4501, *et seq.*] may otherwise form the basis of denial of eligibility pursuant to the general eligibility requirement that a defendant does not demonstrate "a history of present or past violent behavior," rendering an offender ineligible? Restated in the context of the specific facts of this case, the precise question presented is: Whether a prior conviction of a felony one burglary, which is not included as a disqualifier in the definition of "eligible offender" may nevertheless amount to "a history of present or past violent behavior" such as to exclude a defendant from RRRI [Act] eligibility?

## ORDER

PER CURIAM.

**AND NOW,** this 28th day of August, 2013, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** Petitioner's constitutional sentencing claim. Further, the Superior Court's decision affirming the imposition of a sentence of mandatory life imprisonment without·the possibility of parole is **VACATED,** and the matter is **RE-MANDED** to the Superior Court to remand to the Philadelphia County Court of Common Pleas for a new sentencing hearing pursuant to *Commonwealth v. Batts,* —— Pa. ——, 66 A.3d 286 (2013).

Jurisdiction relinquished.

Justice McCAFFERY did not participate in the consideration or decision of this matter.

**COMMONWEALTH of Pennsylvania,**
**Respondent**

v.

**Nicholas COIA, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 28, 2013.

**COMMONWEALTH of Pennsylvania,**
**Respondent**

v.

**Tajjideen M M. WHITAKER,**
**Petitioner.**

Supreme Court of Pennsylvania.

Aug. 28, 2013.

## ORDER

PER CURIAM.

**AND NOW,** this 28th day of August, 2013, the Petition for Allowance of Appeal is **GRANTED, LIMITED TO** Petitioner's sentencing claim. Further, the Superior Court's decision affirming the imposition of a sentence of mandatory life imprisonment without the possibility of parole is **VACATED,** and the matter is **REMANDED** to the Superior Court to remand to the Philadelphia County Court of Common Pleas for a new sentencing hearing pursuant to *Commonwealth v. Batts,* —— Pa. ——, 66 A.3d 286 (2013).

Jurisdiction relinquished.

■

**COMMONWEALTH of Pennsylvania, Respondent**

v.

**Michael L. HOWARD, Petitioner.**

Supreme Court of Pennsylvania.

Aug. 28, 2013.

## ORDER

PER CURIAM.

**AND NOW,** this 28th day of August, 2013, the Petition for Allowance of Appeal and Application for Extension of Time and Leave to File New Brief (with Request to Proceed Pro Se) are **DENIED.**

■

**CHESTER COMMUNITY CHARTER SCHOOL, Petitioner**

v.

**Daniel HARDY, On Behalf of Philadelphia Newspaper, LLC d/b/a The Philadelphia Inquirer, Respondents.**

Supreme Court of Pennsylvania.

Aug. 28, 2013.

## ORDER

PER CURIAM.

**AND NOW,** this 28th day of August, 2013, the Petition for Allowance of Appeal is **GRANTED, LIMITED** to the following issue as framed by Petitioner:

Does the Right–to–Know Law preclude a local agency from arguing on appeal to the Office of Open Records and to sub-